IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>MICHAEL D. SAMPSON, JR.,<br>Defendant. | No. CR08-2026<br>ORDER FOR PRETRIAL DETENTION |

On the 28th day of October 2008, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The government was represented by Assistant United States Attorney Mark A. Tremmel. The Defendant appeared personally and was represented by his attorney, JoAnne Lilledahl.

### RELEVANT FACTS

On October 21, 2008, Defendant Michael D. Sampson, Jr. was charged by Indictment (docket number 1) with two counts of Interstate transportation of child pornography, one count of possession of child pornography, and one count of possession of a firearm by a felon. Defendant entered a plea of not guilty and trial is scheduled for December 22, 2008.

Deputy Sheriff Jason J. Terronas of the Black Hawk County Sheriff's Office testified regarding the circumstances underlying Defendant's arrest. According to Deputy Terronas, he received a report from the National Center for Missing and Exploited Children regarding a "cyber tip" received from America On Line ("AOL") involving possible child pornography. A search warrant was executed at 522 Jones Road in Evansdale, Iowa, where Defendant lives with his parents. Seized at that time were multiple computers, electronic storage, and a shotgun. Defendant admitted that he was the primary, or perhaps only, user of the computer seized from the basement.

1

Found on the computer was a 16-second video showing an adult male having sex with a girl who appears to be 8 to 10 years old. Also found on the computer were approximately 29 other images allegedly constituting "child pornography." Defendant's hard drive has been sent in for further analysis. Defendant was shown the objectionable images during two interviews with authorities. Defendant admitted seeing the images and further admitted sending some of the images to an adult female in the St. Louis, Missouri, area.

Defendant has never been married, but has fathered three children. Defendant has lived with his parents in Evansdale for the past ten years.[1] For the past month, Defendant has been working for Prairie Construction, but was unemployed for the two years prior to that due to medical reasons. Previously, Defendant worked as a cross country truck driver. Defendant has no history of mental health problems and denies the use of alcohol or drugs. Defendant has trouble with blood clots in his leg and is prescribed a blood thinner.

In 2003, Defendant received a deferred judgment for burglary in the second degree. Also in 2003, Defendant was charged in Kane County, Illinois, with indecent solicitation of a child. According to the Complaint, the Defendant "knowingly solicited a child to perform an act of sexual penetration." In May 2005, Defendant was sentenced on that charge to 60 days in jail, two years probation, and a $1,100 fine.

At the time of hearing, Defendant's attorney proffered testimony that if Defendant is released, he could return to live with his parents and has been offered a job by his previous employer driving a truck. In addition, Defendant is willing to submit to electronic monitoring.

## CONCLUSIONS OF LAW

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, requires the Court to detain arrestees prior to trial in certain cases if the Court "finds that no condition or

---

[1] In the Pretrial Services Report, Defendant's address is mistakenly referred to as Evansville.

combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." 481 U.S. at 755.

A finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the appearance of the person as required must be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition of combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including (a) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the person was on probation parole, or other pretrial release; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

If the Court finds there is probable cause to believe that the person committed an offense involving a minor victim, as enumerated in 18 U.S.C. § 3142(e), then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that

3

there is probable cause to believe that the Defendant committed the offenses identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987), *aff'd*, 822 F.2d 1095 (table) (8th Cir. 1987). In a "presumption case," a defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant was charged with two counts of Interstate transportation of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(b)(1). These charges raise a rebuttable presumption pursuant to 18 U.S.C. § 3142(e) that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required and the safety of the community. In an effort to rebut the presumption, Defendant proffers testimony that he may return to live with his parents and has been offered a job driving a truck. Defendant is willing to submit to electronic monitoring and notes that the incidents giving rise to his prior conviction and deferred judgment occurred more than five years ago.

The Government argues that Defendant's release would constitute a danger to the community. Defendant has admitted possessing and transporting child pornography. Defendant was previously convicted of soliciting a child to "perform an act of sexual penetration." A video found on Defendant's computer shows an adult male having sex with what appears to be an 8 to 10-year-old girl. That is, Defendant was previously convicted of soliciting a child to perform a sexual act, and apparently has an ongoing interest in child pornography.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no

condition or combination of conditions will reasonably assure the safety of the community if the Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 23, 2008) to the filing of this Ruling (October 28, 2008) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 28th day of October, 2008.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA