# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL D. SAMPSON, JR.,<br><br>Defendant. | No. CR08-2026<br><br>REPORT AND RECOMMENDATION |

On the 22nd day of May 2009, this matter came on for hearing on the Motion to Withdraw Guilty Plea (docket number 52) filed by the Defendant on May 11, 2009. The Government was represented by Assistant United States Attorney Sean R. Berry. Defendant Michael D. Sampson, Jr. appeared personally and was represented by his attorney, F. David Eastman.

## I. PRIOR PROCEEDINGS

On October 21, 2008, Defendant was charged by Indictment with two counts of interstate transportation of child pornography (Counts 1 and 2), possession of child pornography (Count 3), and possession of a firearm as a felon (Count 4). At his arraignment on October 23, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on December 22, 2008. On December 17, 2008, the Court granted the Government's motion to continue and rescheduled the trial for January 14, 2009.

Defendant filed a Notice of Intent to Plead Guilty (docket number 40) on January 9, 2009, and the Court scheduled a plea change hearing for January 13, 2009. Following the plea change hearing, the Court issued a Report and Recommendation (docket number 45), recommending that Defendant's plea of guilty to Counts 2 and 4 be accepted by the

District Court. No objection was made to the Report, and on January 28, 2009, Chief Judge Reade accepted Defendant's guilty plea.

## II. ISSUE PRESENTED

Defendant asks that he be permitted to withdraw his guilty plea, claiming that if he had been provided with certain discovery information prior to entering his plea, then "he would not have entered into the plea agreement in this case."

## III. RELEVANT FACTS

### A. *Plea Change Hearing*

On January 13, 2009, Defendant appeared before the undersigned Magistrate Judge and tendered pleas of guilty to one count of interstate transportation of child pornography and one count of possession of a firearm as a felon. The Court addressed Defendant personally in open court and informed him of those matters set forth in FEDERAL RULE OF CRIMINAL PROCEDURE 11(b)(1). The Court determined that Defendant understood his rights and further determined that Defendant's plea was voluntary and did not result from force, threats, or promises (other than promises set forth in the plea agreement). Defendant admitted under oath that he committed each of the elements underlying the charges for which he pleaded guilty. Defendant also confirmed under oath that the "stipulation of facts" found in the plea agreement signed by him was true and correct.

In order to establish a factual basis for Defendant's guilty pleas, the Court reviewed each element of the offenses. Defendant admitted at the plea change hearing that he knowingly transported in interstate commerce a visual depiction of a minor engaged in sexually explicit conduct, and that he knew the visual depiction was of a minor engaged in sexually explicit conduct.[1] Defendant also told the Court that he was previously

---

[1] *See* Transcript of Plea Change Hearing (Government's Exhibit 1) at 10:6-11:10.

2

convicted of a felony in Kane County, Illinois, and that on March 25, 2008 he knowingly possessed a firearm.[2]

The stipulation of facts found in the parties' plea agreement states that Defendant knowingly transported child pornography to another state:

> In or about the first quarter of 2008, in the Northern District of Iowa and elsewhere, the defendant knowingly transported and attempted to transport a visual depiction of a minor engaged in sexually explicit conduct. The defendant transported and attempted to transport this image in interstate commerce to a person in Missouri using defendant's computer and Yahoo instant messaging.

*See* Letter from Mark Tremmel to JoAnne Lilledahl, dated November 26, 2008, ¶ 6(B) at 3 (docket number 44-2 at 3).

Regarding the charge of possession of a firearm as a felon, the stipulation of facts in the plea agreement states:

> On or about March 25, 2008, in the Northern District of Iowa, the defendant knowingly possessed a firearm. This firearm was a Mossberg shotgun, 12 gauge, Model 500A, serial number L804159. This firearm previously had traveled in interstate commerce. This firearm will and was designed to expel a projectile by the action of an explosive.

*See* Letter from Mark Tremmel to JoAnne Lilledahl, dated November 26, 2008, ¶ 6(D) at 3 (docket number 44-2 at 3). Defendant signed the plea agreement, and at the plea change hearing Defendant told the Court under oath that the information set forth in the stipulation of facts was "true and correct."[3]

### B. New Information

At the instant hearing, however, Defendant testified that he became aware of new "information" in the presentence investigation report which causes him to seek a

---

[2] *See* Transcript of Plea Change Hearing (Government's Exhibit 1) at 11:11-13:15.

[3] *See* Transcript of Plea Change Hearing (Government's Exhibit 1) at 15:9-13.

3

withdrawal of his guilty plea. While Defendant's testimony is somewhat confusing, he apparently relies on two facts first learned by him in the presentence investigation report. First, the presentence investigation report apparently identifies a pornographic video found on Defendant's computer, entitled "11Best.mp3."[4] Defendant testified that he had "never heard of it" until he saw the presentence investigation report and "I just assumed after the interview with Lieutenant Smock that it was Baby Fay or Baby Jane that was on the computer that I received." Second, the report apparently indicates that one pornographic image was saved by Defendant's acquaintance in Missouri. When asked by his attorney at the instant hearing why that "make[s] any difference," Defendant responded: "Because I actually showed her four."

According to Defendant, he "repo'd cars for a few years and I kept everything out of the cars because I had to clean them out." Defendant testified that he kept rewritable CDs in order to use them again, rather than buying blank CDs. Under questioning by his attorney, Defendant testified that he put one of the CDs in his computer and looked at it, but after he "discovered what was on it," he "took it back out and broke it and threw it away." On cross-examination, however, Defendant admitted "showing" four pornographic images over the internet to a female friend in Missouri.

> MR. BERRY: So you intentionally showed her four images of child pornography?
>
> A. Yes, I did.
>
> Q. By putting it in your photo box and saying look at this?
>
> A. Yes.
>
> Q. And did she look at it?

---

[4] Neither party offered the presentence investigation report as an exhibit at the time of hearing.

4

A.  I assume so seeing how she saved one, yes.

Testimony of Defendant at hearing on motion to withdraw guilty plea on May 22, 2009.

### C. Firearm Charge

Regarding his guilty plea to possession of a firearm as a felon, Defendant testified under oath at the instant hearing that he lied to the Court under oath at the plea change hearing. It is apparently undisputed that on December 16, 2004, Defendant was convicted of indecent solicitation of a child, a class 3 felony, in the Circuit Court of Kane County, Illinois, case number 03cf1321. Defendant testified that he only pleaded guilty to possession of a firearm as a felon in the instant action, however, because it was "a nonnegotiable item in order for [Defendant] to receive the plea agreement." While he did not provide any detail regarding his alleged possession of a firearm, Defendant testified at the instant hearing that he is innocent of all charges.

## IV. DISCUSSION

### A. Legal Standard

Defendant requests that he be permitted to withdraw his guilty plea tendered before the undersigned Magistrate Judge on January 13, 2009 and accepted by the District Court in an Order filed on January 28, 2009.

Federal Rule of Criminal Procedure 11(d) provides in pertinent part:

> (d) Withdrawing a Guilty or Nolo Contendere Plea. A defendant may withdraw a plea of guilty or nolo contendere:
>
> . . .
>
> > (2) after the court accepts the plea, but before it imposes sentence if:
> >
> > . . .
> >
> > > (B) the defendant can show a fair and just reason for requesting the withdrawal.

FED. R. CRIM. P. 11(d)(2)(B). *See* also United *States v. Maxwell*, 498 F.3d 799, 800 (8th Cir. 2007) ("A defendant may withdraw a guilty plea after the court accepts the plea, and before sentencing if he demonstrates '"a fair and just reason" for the withdrawal.'")

5

(quoting *United States v. Mugan*, 441 G.3d 622, 630 (8th Cir. 2006)). "The 'fair and just' standard is a liberal one, but it does not create an automatic right to withdraw a plea." *United States v. Smith*, 422 F.3d 715, 723 (8th Cir. 2005) (citing *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996)). "The defendant bears the burden of proving why one of the recognized justifications should permit a withdrawal of what he had solemnly made under oath." *Smith*, 422 F.3d at 723-24 (citing *United States v. Morales*, 120 F.3d 744, 747-48 (8th Cir. 1997)). "A guilty plea is a solemn act not to be set aside lightly." *United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997) (citing *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). In addition to considering the "fair and just reason" standard, a court may also consider (1) any assertions of legal innocence, (2) the amount of time between the guilty plea and the motion to withdraw, and (3) the prejudice to the government in granting the motion. *Maxwell*, 498 F.3d at 801 (citation omitted). The Court is not required to address the additional factors if the defendant fails to show a fair and just reason for withdrawing his or her plea. *Id.* (citing *United States v. Austin*, 413 F.3d 856, 857 (8th Cir. 2005)).

### B. Analysis

As set forth above, Defendant bears the burden of proving a "fair and just reason" why he should be permitted to withdraw his guilty plea. FED. R. CRIM. P. 11(d)(2)(B); *United States v. Rollins*, 552 F.3d 739, 741 (8th Cir. 2009). Here, Defendant asserts that he learned for the first time in the presentence investigation report that (1) the pornographic video referenced by the Government was one with which he was unfamiliar, and (2) the pornographic image saved by his acquaintance in Missouri was allegedly sent at a time other than when he admittedly sent her four images of child pornography. According to his brief filed in support of the motion to withdraw guilty plea, "Defendant now has sufficient information to mount a defense to establish his innocence."[5]

---

[5] *See* Brief in Support of Motion to Withdraw Guilty Plea at 2 (docket number 52-2 (continued...)

Courts have dealt carefully with motions to withdraw guilty pleas based upon newly discovered evidence. *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992). In the brief filed in support of his motion to withdraw guilty plea, Defendant claims that he was shown information following his guilty plea regarding dates and times when the alleged child pornography would have been transmitted from his computer. According to the brief, "Defendant believes that it would have been impossible for him to have made these transfers or 'uploads' on those dates at those times."[6] Accordingly, the Court set Defendant's motion to withdraw guilty plea for hearing. *Id.* ("Serious allegations of [newly discovered evidence] usually require an evidentiary hearing.")

At the hearing, however, Defendant failed to produce any evidence in support of his allegations. Instead, Defendant made conclusory assertions that the pornographic image saved by his acquaintance in Missouri was transmitted at a time when he did not have access to the computer. Defendant did not offer any evidence regarding when the pornographic image was transmitted to Missouri, nor did he offer any detail regarding why he allegedly did not have access to his computer at that time. To meet his burden of proof, Defendant must come forward at an evidentiary hearing with *evidence*, rather than mere conclusory assertions of innocence. Indeed, the Court in *Morrison* found that "[c]onclusory assertions of innocence do not warrant an evidentiary hearing." 967 F.2d at 268. Defendant failed to provide the Court with evidence of when the pornographic image was transmitted and saved by his acquaintance in Missouri, what evidence would support a finding that he did not have access to his computer at that time, or why he believes the evidence would support a claim of innocence by him.

---

[5](...continued)
at 2).

[6] *See* Brief in Support of Motion to Withdraw Guilty Plea at 1 (docket number 52-2 at 1).

7

In asserting his inability to transmit the image which was apparently saved by his acquaintance in Missouri, Defendant admitted transmitting four other images of child pornography. That is, even if Defendant were able to prove that he did not transmit the pornographic image which was saved on the computer in Missouri, he admits transmitting four images of child pornography, albeit on an allegedly different date. Defendant pleaded guilty to Count 2 of the Indictment, which charged him with transportation of child pornography on an unspecified date in the first quarter of 2008. In an example of circular reasoning, Defendant suggested that the pornographic image saved by his acquaintance in Missouri could not have been sent by him "[b]ecause if I would have transported them myself they would have left a footprint on her computer saying I showed her all four of them not just the one she specifically saved."[7] Defendant did not offer any testimony, expert or otherwise, in support of his contention. Defendant cannot establish his innocence on a charge of transmission of child pornography by admitting that he knowingly transmitted four images of child pornography in order to prove that he did not transmit one other image of child pornography. Mere general allegations by Defendant will not support his burden of showing a fair and just reason why he should be permitted to withdraw his guilty plea.[8]

Defendant did not file the motion to withdraw his guilty plea until after he reviewed the presentence investigation report. It would appear that when faced with the prospect of a long prison term, Defendant had second thoughts regarding his decision to plead

---

[7] Testimony of Defendant at Hearing on Motion to Withdraw Guilty Plea on May 22, 2009.

[8] Similarly, Defendant's argument that he had "never heard of" the pornographic video found on his computer is unavailing. First, the pornographic video is apparently related to the possession of child pornography charge found in Count 3 of the Indictment. That is, Defendant is not alleged to have transmitted the pornographic video and it is not part of his guilty plea to Count 2 of the Indictment. Second, in testifying that he had never heard of "11Best.mp3," Defendant testified that he assumed that the officer was referring to other apparently pornographic videos found in his computer.

guilty. "Post-plea regrets by a defendant caused by contemplation of the prison term he faces are not a fair and just reason for a district court to allow a defendant to withdraw a guilty plea." *United States v. Stuttley*, 103 F.3d 684, 686 (8th Cir. 1996). *See also United States v. Green*, 521 F.3d 929, 931 (8th Cir. 2008) ("the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom"). Defendant has failed to meet his burden of showing a fair and just reason why he should be permitted to withdraw his guilty plea to the charge of transportation of child pornography. Not only did Defendant admit his crime in the signed plea agreement and again under oath at the plea change hearing, Defendant again admitted transporting child pornography at the hearing on the instant motion to withdraw his guilty plea.

Even if the Court finds a "fair and just reason" to set aside Defendant's guilty plea, it may then consider other factors, including any assertion of legal innocence. While Defendant unequivocally asserted his innocence in conclusory terms at the instant hearing, his testimony belies that assertion. In response to questioning by Mr. Berry, Defendant admitted "showing" images of child pornography to an acquaintance in Missouri using the Internet.[9] Similarly, while Defendant proclaimed his innocence on the firearm charge, he provided no evidence to rebut his earlier admissions under oath that he knowingly possessed a firearm on March 25, 2008. Accordingly, even *if* Defendant has shown a fair and just reason to withdraw his guilty plea, the lack of any evidence to support his assertions of innocence weigh against permitting him to withdraw his plea.

In summary, the Court believes that Defendant has failed to meet his burden of demonstrating a fair and just reason for a withdrawal of his guilty plea. *Smith*, 422 F.3d at 723-24. Defendant offers only vague allegations of allegedly exculpatory evidence. Furthermore, in his testimony at the instant hearing, Defendant admitted all of the elements of interstate transportation of child pornography, one of the charges to which he pleaded

---

[9] Defendant would not concede, however, that he "transported" child pornography. According to Defendant, "I merely opened it and showed her."

guilty. Defendant's plea of innocence to the firearms charge is nothing more than his claim that he lied to the Court under oath when initially pleading guilty. The Court believes that Defendant should not be permitted to withdraw his guilty plea under these circumstances.

## V. RECOMMENDATION

For the reasons set forth above, I respectfully recommend that the District Court deny the Motion to Withdraw Guilty Plea (docket number 52) filed by the Defendant on May 11, 2009.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *Defendant is reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if Defendant is going to object to this Report and Recommendation, he must promptly order a transcript of the hearing held on May 22, 2009.*

DATED this  1st  day of June, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA