# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 08-CR-2026-LRR |
| vs. | |
| MICHAEL D. SAMPSON, JR., | **ORDER** |
| Defendant. | |

## *I. INTRODUCTION*

The matter before the court is Defendant Michael D. Sampson Jr.'s Objection ("Objection") (docket no. 65) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation ("Report and Recommendation") (docket no. 61). Judge Scoles recommends that the undersigned deny Defendant's Motion to Withdraw Guilty Plea ("Motion") (docket no. 52).

## *II. RELEVANT PRIOR PROCEEDINGS*

On October 21, 2008, a grand jury returned a four-count Indictment (docket no. 1) against Defendant. Counts 1 and 2 charge Defendant with Interstate Transportation of Child Pornography After Having Been Previously Convicted of an Offense Relating to Sexual Abuse or Abusive Sexual Conduct Involving a Minor, in violation of 18 U.S.C. § 2252A(a)(1) and 2252A(b)(1). Count 3 charges Defendant with Possession and Attempted Possession of Child Pornography After Having Been Previously Convicted of an Offense Relating to Sexual Abuse or Abusive Sexual Conduct Involving a Minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(b)(2). Count 4 charges Defendant with Being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 924(g)(1) and 924(a)(2). The Indictment also contains a forfeiture provision.

On January 13, 2009, Defendant pled guilty to Counts 2 and 4 of the Indictment

before Judge Scoles. Judge Scoles issued a Report and Recommendation (docket no. 45) in which he recommended that the undersigned accept Defendant's guilty plea. On January 28, 2009, the undersigned accepted Defendant's guilty plea.

On May 11, 2009, Defendant filed the Motion. On May 16, 2009, the government filed a Resistance (docket no. 56). On May 22, 2009, Judge Scoles held a hearing ("Hearing") on the Motion. Attorney F. David Eastman represented Defendant, who was personally present. Assistant United States Attorney Sean R. Berry represented the government. On June 1, 2009, Judge Scoles issued the Report and Recommendation. On June 10, 2009, Defendant filed the Objection. The Objection and Report and Recommendation are fully submitted and ready for decision.

### III. STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation"). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions"). The Eighth Circuit Court of Appeals has held that it is reversible error for the district court to fail to engage in a de novo review of a magistrate judge's report when such review is required. *Lothridge*, 324 F.3d at 600.

### IV. ANALYSIS

Defendant raises one objection to the Report and Recommendation. Specifically,

2

Defendant objects to Judge Scoles's finding that "'Defendant's plea of innocence to the firearms charge is nothing more than his claim that he lied to the [c]ourt under oath when initially pleading guilty.'" Objection at 1 (quoting Report and Recommendation at 10). Defendant argues that "he only admitted to the firearm charge after consulting with his then[-]attorney[,] who told him he had to agree to it so [that] the plea, which the attorney told him was in his best interest, would be accepted." *Id*. Furthermore, Defendant asserts that he testified that "the gun was not his and was locked up and he did not have the key."[1] *Id*.

The court has considered the entire record, which includes, but is not limited to, the Motion, Resistance, Plea Agreement (Gov't Ex. 1 (docket no. 44-2)), transcript of the change of plea hearing held on January 13, 2009 (docket no. 59), transcript of the Hearing (docket no. 62), Report and Recommendation and the Objection. Having conducted the required de novo review of the Report and Recommendation, the court deems it appropriate to overrule Defendant's Objection. The Report and Recommendation contains a thorough, cogent analysis of the facts and applicable law. Defendant did, in fact, testify that he pled guilty to the firearms charge because he was told it was a "non-negotiable item" in the plea agreement. Motion Hearing Transcript at 7. However, Judge Scoles is correct in that Defendant's testimony directly contradicts his sworn testimony at the plea hearing.

The court concludes that Judge Scoles's recommended disposition of the Motion should be adopted. It is fully supported by the factual record and controlling legal authorities.

## *V. CONCLUSION*

In light of the foregoing analysis, **IT IS ORDERED THAT**:

(1) The Objection (docket no. 65) is **OVERRULED**; and

---

[1] This evidence is not in the record.

(2) The Report and Recommendation (docket no. 61) is **ADOPTED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of June, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA